## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMUEL L. FRANKLIN,
> Appellant,

v.

DEPARTMENT OF HOMELAND
> SECURITY,
> > Agency.

DOCKET NUMBER
AT-0752-19-0050-I-1

DATE: July 17, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Amanda Brookhuis</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Kenneth William</u>, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which sustained his reduction in pay and grade. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a General Schedule (GS) 14 Supervisory Operations Support Specialist with the U.S. Citizenship and Immigration Services. Initial Appeal File (IAF), Tab 5 at 14, 18. Effective September 30, 2018, the agency demoted him to the position of GS-12 Operations Support Specialist. *Id*. The demotion was proposed for a single charge of neglect of duty with 19 specifications. *Id*. at 50-57. The deciding official sustained all specifications except specification 17. *Id*. at 18. Specifications 1-16 and 18 described the appellant's failure to issue: correct performance plans for Fiscal Year (FY) 2017 to various subordinates (specifications 1-10); FY 2017 mid-cycle reviews to subordinates (specifications 11-14); FY 2017 mid-cycle reviews and/or interim/departure reviews for other subordinates (specifications 15-16); and a timely FY 2017 performance plan to a new subordinate (specification 18). *Id* at 50-52. In specification 19, the agency alleged that he failed to properly

supervise subordinates during a property inventory. *Id*. at 52. The deciding official demoted the appellant, effective September 30, 2018. *Id*. at 18-23.

This appeal followed, with the appellant arguing that the agency failed to prove any of its specifications, that the demotion was taken because of his race, color, sex, disability, and prior equal employment opportunity (EEO) activity, and that the penalty was unreasonable. IAF, Tab 1 at 8-10, Tab 17 at 7. The appellant withdrew his request for a hearing. IAF, Tab 24 at 4. During the pendency of the appeal, the agency withdrew specifications 11-14. IAF, Tab 25 at 5.

On September 13, 2019, the administrative judge issued his initial decision, affirming the demotion. IAF, Tab 30, Initial Decision (ID) at 16. In pertinent part, the administrative judge found that the agency proved specifications 1-10, 15-16, and 18, the agency failed to prove specification 19, the appellant failed to prove his affirmative defenses of race, color, sex, and disability discrimination, and EEO retaliation, and the agency established both nexus and the reasonableness of the penalty. ID at 4-15.

The appellant filed a petition for review, arguing that the administrative judge erred in sustaining specifications 16 and 18. Petition for Review (PFR) File, Tab 1 at 4-5. Regarding specifications 1-10, the appellant contends that an agency witness lacked credibility. *Id*. at 6. The appellant also submits, for the first time on review, evidence purportedly pertaining to specifications 1-11 and 13-16 and an argument regarding a comparator who was not disciplined. *Id*. at 3-6, 9-13. He requests reinstatement, backpay, compensatory damages, and attorney fees, among other things. *Id*. at 7.

The agency filed a response to the petition for review and a cross petition for review. PFR File, Tab 3. In its cross petition for review, the agency contends that the administrative judge erred by not sustaining specification 19. *Id*. at 4, 17-22. The appellant filed a reply to the cross petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We decline to consider the appellant's evidence submitted for the first time on review because he has failed to show that it was previously unavailable despite his due diligence.</u>

The appellant asserts on review that he has new and material evidence. PFR File, Tab 1 at 3-4, 9-13. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not met this burden.

For example, the appellant submits a May 2017 email chain regarding the reassignment of certain subordinates identified in specifications 11 and 13-16 out of his supervisory authority. PFR File, Tab 1 at 3-4, 9-10. The appellant asserts that this email was not disclosed during discovery and that he was previously unaware of its existence. *Id*. at 3. However, the appellant was the recipient of, or carbon copied on, each of the three emails in the email chain. *Id*. at 9-10. Accordingly, we find that the appellant has failed to show that the May 17 email was previously unavailable despite his due diligence, and we decline to consider it.[2]

Additionally, regarding specifications 1-10, the appellant alleges that the proposing official lacked credibility and misled the Board when he said in his affidavit that the appellant was directly responsible for the delay of performance-based awards for the employees at issue in those specifications. *Id*. at 6. However, the only evidence to which the appellant cites is the May 2017 email chain. *Id*. at 6, 9-10. Because, for the reasons discussed above, we decline to consider that evidence, we similarly decline to consider the appellant's argument based on that evidence.[3] *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d).

---

[2] As noted above, the agency did not pursue specifications 11-14, so any evidence relating to specifications 11 and 13 is not material.

The appellant also submits, for the first time on review, statements from former subordinates at issue in specifications 3-5, dated between October 8, 2019, and October 14, 2019, which he appears to utilize to challenge the administrative judge's decision to sustain these specifications and to assert that the agency treated him more harshly than other similarly situated employees.[4]  PFR File, Tab 1 at 4, 11-13.  To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  5 C.F.R. § 1201.115(d).  Though the appellant avers that some of the statements were "newly acquired," he does not assert that the information contained in them was previously unavailable despite his due diligence.  PFR File, Tab 1 at 4.  Accordingly, we decline to consider these statements.

**We agree with the administrative judge that the agency proved specifications 1-10, 15-16 and 18, and we find that the agency proved the neglect of duty charge.**

On review, the appellant only challenges the administrative judge's assessment of specifications 16 and 18 of the neglect of duty charge.[5]  PFR File, Tab 1 at 4-5.  We review each in turn.

Specification 16 alleged that the appellant, in approximately April 2017, failed to issue a FY 2017 mid-cycle review or any interim/departure review to a

---

[3] Even if we considered this evidence, we discern nothing in the May 2017 email chain that calls into question whether, in October 2016, the appellant failed to issue correct FY 2017 employee performance plans to his subordinates.

[4] In the initial decision, the administrative judge addressed the appellant's argument regarding comparators as pertaining to his affirmative defense of EEO retaliation rather than the issue of penalty.  ID at 13.  However, on petition for review, the appellant states that he is aware of other supervisors who delayed providing performance expectations, which resulted in delayed appraisals and delayed performance awards, but the supervisors were not demoted.  PFR File, Tab 1 at 5-6.  We will consider this argument in our analysis of the penalty below, but a different finding is not warranted.

[5] The appellant does not otherwise challenge the administrative judge's findings that the agency proved specifications 1-10 and 15.  We discern no error with the administrative judge's findings, which appear to reflect a thorough review of the record and the correct application of the law, and therefore sustain these specifications.

subordinate when the subordinate transferred to another position. IAF, Tab 5 at 51. The appellant argues that he was not responsible for issuing a review of the subordinate because he (the subordinate) transferred to another supervisor's authority. PFR File, Tab 1 at 5. In such a situation, the agency's policy provides that the supervisor losing the employee was to execute an interim evaluation on the employee's current performance plan. IAF, Tab 29 at 29. There is no dispute that the appellant did not execute such an interim evaluation when the employee left. IAF, Tab 16 at 20. Instead, the appellant asserts that the policy was a suggestion rather than a requirement. PFR File, Tab 1 at 5. However, because nothing in the written policy indicates that its instructions were optional rather than mandatory, and the appellant cites no support for his assertion, we find his assertion to be without merit. Accordingly, we sustain specification 16.

Specification 18 alleged that, in approximately August 2017, the appellant failed to issue a timely FY 2017 performance plan to a subordinate. IAF, Tab 5 at 51. Again, the appellant argues that he was not responsible for issuing such a performance plan to the subordinate because the subordinate transferred from another office on August 7, 2017. PFR File, Tab 1 at 4-5. In such a situation, the agency's policy provides that the new employee's supervisor was to, *inter alia*, place the employee on a performance plan within 30 days of employment. IAF, Tab 29 at 29. There is no dispute that the appellant was the supervisor of the employee at issue and did not issue her a performance plan within 30 days after she transferred under him. Accordingly, we sustain specification 18.[6]

Although not clearly stated as such in the initial decision, we also explicitly sustain the neglect of duty charge. *See Payne v. U.S. Postal Service*,

---

[6] We find it unnecessary to address the agency's arguments regarding specification 19 because, as discussed below, we find that the penalty of demotion is within the bounds of reasonableness based on the remaining sustained specifications. *See Gray v. Government Printing Office*, 111 M.S.P.R. 184, ¶ 17 (2009) (finding it unnecessary to address the appellant's argument that the administrative judge erred by sustaining the third charge when two other sustained charges warranted the removal penalty). We therefore deny the cross petition for review.

72 M.S.P.R. 646, 650 (1996) (finding that it is well settled that proof of only one specification supporting a charge is sufficient to prove the charge).

The administrative judge correctly found that the appellant did not prove his affirmative defenses.

To prove a claim of discrimination or retaliation under Title VII of the Civil Rights Act of 1964, or a claim of discrimination under the Rehabilitation Act of 1973, an appellant must show that the prohibited consideration was at least a motivating factor in the agency's action or decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30, 42. In his initial decision, the administrative judge considered the evidence as a whole as it related to the appellant's claims of race, color, sex, and disability discrimination, and his claim of retaliation for activity protected under Title VII, and he found that the appellant did not meet the motivating factor standard with respect to any of these claims. ID at 10-14. On petition for review, the appellant requests "compensatory damages for his distress because of the Agency's retaliatory actions," PFR File, Tab 1 at 9, but he does not otherwise contest the administrative judge's analysis of his affirmative defenses. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove that any prohibited consideration was a motivating factor in his demotion. ID at 10-14. We agree that the demotion penalty is within the bounds of reasonableness based on the sustained specifications and charge.[7]

When all of the agency's charges are sustained, but not all of the underlying specifications are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne*, 72 M.S.P.R. at 650. In applying this standard, however, the Board must take into consideration the failure of the

---

[7] The appellant does not challenge the administrative judge's finding that the agency established nexus. ID at 10; PFR File, Tab 1. Because the offense at issue involved the appellant's performance of his duties, occurred at work, and involved his coworkers, we discern no reason to disturb that finding and therefore affirm it.

agency to prove all of its supporting specifications. *Id*. at 651. That failure may require, or contribute, to a finding that the agency's penalty is not reasonable.[8] *Id*.

In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the appropriate penalty for an act of misconduct. These so-called *Douglas* factors include, among other things, the nature and seriousness of the offense, the appellant's job level, his past disciplinary record, his past work record, the consistency of the penalty with those imposed upon other employees for the same or similar offenses, the clarity with which he had been warned about the conduct in question, and mitigating circumstances surrounding the offense. *Id*.

In the initial decision, the administrative judge found that the deciding official properly weighed the relevant *Douglas* factors in demoting the appellant and that the demotion did not exceed the bounds of reasonableness. ID at 15; IAF, Tab 5 at 19-20. We agree with the administrative judge's and deciding official's assessment of the relevant *Douglas* factors.

On review, the appellant argues that the penalty of demotion is unwarranted based on the nature and seriousness of specifications 16 and 18. PFR File, Tab 1 at 4-5. In particular, the appellant indicates that specifications 16 and 18 are not

---

[8] In analyzing the reasonableness of the penalty, the administrative judge utilized the standard generally applied when all of an agency's charges are sustained, under which the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. ID at 14-15 (citing *Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 13 (2002)). However, despite using this standard, the administrative judge's analysis reflects that he upheld the penalty solely on the basis of the sustained specifications and relevant mitigating and aggravating factors. The appellant does not raise this issue on review, and we find that any adjudicatory error in this regard is harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

serious because they did not have any direct impact on the subordinates' final rating. *Id*. We have considered the appellant's arguments, but we do not agree.

In assessing the reasonableness of a penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional, frequently repeated, or for gain. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd*, 617 F. App'x 996 (Fed. Cir. 2015) (Table). In contrast to the appellant's allegations on review, we find that his misconduct is sufficiently serious to support the chosen penalty. In an affidavit made under penalty of perjury, the deciding official stated that the appellant's neglect of duty regarding specifications 1-10 caused those subordinates at issue to have their performance periods extended by 90 days into FY 2018, delaying their ratings and any performance awards based on their ratings. IAF, Tab 29 at 48. She stated that the appellant's repeated neglect of duty was "very serious." *Id*. at 47. She indicated that the appellant's failures related to his responsibilities as a supervisor and averred that she would have demoted the appellant based on specifications 1-10 alone. *Id*. at 47-48. Considering the nature of these specifications, their relation to the appellant's responsibilities as a supervisor, and their impact upon his subordinates, we agree with the deciding official that the sustained specifications are serious.

On petition for review, the appellant provides a September 26, 2019 notarized witness statement from a Human Resources employee, which the appellant states validates his claim that other subordinates did not receive performance plans and appraisals. PFR File, Tab 1 at 6, 13. He asserts that the deciding official demoted him but failed to demote N.B. for failing to issue any performance expectations to another subordinate. *Id*. at 6. Although we noted above that the appellant does not explain why he did not provide the information contained in this statement to the administrative judge, we would still affirm the demotion penalty even if we considered this evidence. The Board has held that

the relevant inquiry as far as consistency of the penalty is concerned is whether the agency knowingly and unjustifiably treated similarly situated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14. The appellant's assertion on review is directly contradicted by the deciding official's affidavit made under penalty of perjury in which she states that she was "not aware of any supervisor who failed to issue correct [employee performance plans] with performance goals to subordinates." IAF, Tab 29 at 46, 49, 53. N.B. also submitted an affidavit made under penalty of perjury in which he specifically denied failing to timely or correctly issue employee performance plans to his subordinates. *Id.* at 69-70. Accordingly, we are not persuaded that the agency knowingly or unjustifiably treated similarly situated employees differently.

Because we affirm the demotion penalty, we deny the appellant's requests for relief.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.